spectors as void, shall be counted.    The statute expressly says so,. but I cannot agree that the mere statement that ballots have been rejected as void, standing alone, is sufficient to entitle a candidate to. a writ, under the law.    I think that, in order to set the court in motion to exercise the jurisdiction which is given to it under the statute, the petitioner must first present verified allegations showing that he has been aggrieved by the action of the inspectors.    It is a matter of common knowledge that in nearly every election district of the state, at every election under the present ballot law, many ballots are rejected as void, and not counted; and, if the contention of the petitioner is correct, any candidate at any election would be entitled to a writ of mandamus upon the mere allegation of the rejection of a ballot as void in any election district, regardless of whether or not he alleged a grievance by reason of the act of the inspectors in rejecting the ballot. Courts are instituted to administer justice, and to grant relief against grievances, and not to sit in judgment upon academic questions at the suit of persons who do not come into court alleging a cause of action.    A writ of the character asked for here can only issue when a clear legal right to it is made to appear.    People v. Board of Police, 107 N. Y. 239, 13 N. E. 920; People v. Newton, 112 N. Y. 399, 19 N. E. 831.

This petitioner may have a grievance, but, if so, he has not made it apparent.    He has failed, in my opinion, to show facts sufficient to constitute a cause of action, or to justify the court in exercising the jurisdiction given to it to issue a peremptory mandamus compelling this board to recount the ballots in question; and for that reason the alternative writ should be dismissed, and the application for the peremptory writ denied, with $10 costs.    Ordered accordingly.

---

(40 App. Div. 253.)

### TERWILLIGER v. TOWN OF CRAWFORD.

(Supreme Court, Appellate Division, Second Department.   May 8, 1899.)

DEFECTIVE BRIDGE—EVIDENCE.
    In an action against a town for an injury caused by a defective bridge,. evidence that the plaintiff examined it three weeks after the injury, and saw it was covered with new plank, is incompetent to show that the town had sufficient funds for repairing it at the time of the injury.

Appeal from Orange county court.

Action by Charles A. Terwilliger against the town of Crawford, begun in justice court.    From a judgment for defendant entered by the county court on appeal from the justice court, plaintiff appeals. Affirmed.

The following is the opinion of the court below (BEATTIE, J.):

This action was brought to recover damages for an injury to the plaintiff's. horse, sustained by reason of a defect in a highway bridge.   The testimony as to the condition of the bridge was of the most conflicting character, but the evidence on behalf of the plaintiff was sufficient to justify the verdict.   The question of the contributory negligence of the plaintiff was for the consideration of the jury, and their finding is conclusive in his favor.

Upon the direct examination of the plaintiff the following testimony was.

given over the objection and exception of the defendant: "I examined the bridge about three weeks after the accident. Q. What did you see then? * * * A. The bridge was covered with new plank. Q. At the time of the examination, did you observe that a new plank had been placed on the bridge where the hole was previous? * * * A. Yes." The evidence thus given is sought to be sustained upon the ground that, the answer of the defendant having alleged a want of funds for the repair of the bridge, the fact that repairs were made soon after the accident was evidence of funds in the hands of the commissioner sufficient for that purpose; also, upon the ground that the fact that the bridge was then covered with new plank was evidence that it was not covered with such plank at the time of the accident, as testified to by the defendant's witnesses. The plaintiff's counsel disavows any other purpose or object in offering the testimony, except as now suggested. The evidence as given formed a part of the whole record, upon which the jury decided the issues involved; and, even if the force of the testimony could be said to have been limited in their minds to the purposes for which the testimony is said to have been offered, it was wholly incompetent for such purposes. In the case of Clapper v. Town of Waterford, 131 N. Y. 382, 30 N. E. 240, testimony of a like character was given; and it was offered, upon the statement of the plaintiff's counsel, only for the purpose of showing that the highway commissioner exercised control over the walk where the accident occurred, and that he had funds in hand at the time of the accident, and the evidence was received for this purpose. The court of appeals, in reversing the judgment for the plaintiff, says: "Proof that the commissioner was seen repairing this walk a week or more after the accident did not tend to prove that he had funds in his hands with which to make the repairs before the plaintiff was injured. Upon whatever pretense such evidence is put into the case, it is generally used to mislead the jury. It is sometimes accepted by them as an admission of negligence, and its natural tendency is undoubtedly to influence them in that direction." This case is so clearly within the rule thus laid down that the judgment must be reversed, with costs.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Lewis Hasbrouck, for appellant.
John C. R. Taylor, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of BEATTIE, J.

(42 App. Div. 335.)

ALBANY BREWING CO. v. BARCKLEY et al.

(Supreme Court, Appellate Division, Third Department. July 6, 1899.)

1. DIRECTING VERDICT.
    A liquor dealer obtained a tax certificate with money borrowed by him of plaintiff, to whom he delivered an instrument in writing, assigning to plaintiff all the option which he might have under such certificate and the statutes to surrender the certificate or to transfer the same, and agreed to deliver up the certificate to plaintiff on demand. Thereafter such dealer became insolvent, and a receiver was appointed, who took possession of the certificate, and surrendered it to the county treasurer for cancellation and payment of the statutory rebate. The treasurer thereupon gave a receipt and a statement of the amount of the rebate, and sent the certificate and the petition for cancellation to the state commissioner of excise. Plaintiff claimed that verbal notice had been given by him to the treasurer before he sent the certificate to the state commissioner of his claim to own the certificate, which fact was denied by the county treasurer. *Held* error to direct a verdict for plaintiff in action against the county treasurer for conversion, he being entitled to go to the jury on the question